# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

HUNG PHAM MINH,

    Petitioner,

vs.                                           Civ. No. 98-324 M/WWD

TOM LEMASTER, Warden, et al.,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

1. THIS MATTER comes before the Court following an evidentiary hearing held October 15, 1998. Respondents previously filed a Motion to Dismiss on April 24, 1998, seeking dismissal on the ground that Petitioner's ("Minh") habeas corpus petition falls outside the limitations period governed by the recently enacted amendments to 28 U.S.C. § 2254 ("AEDPA").[1]

2. Although it appears that Minh's petition does fall outside the statutory filing period, the grounds in the petition were of a nature which presented a question of whether the limitations period should be applied in Petitioner's case. See Miller v. Marr et al., 141 F.3d 976, 978 (10th Cir. 1998) (limitations period may be equitably tolled where there are serious constitutional questions which "possibly render[ ] the habeas remedy inadequate and ineffective").

3. In his underlying petition, Minh raises the following grounds for relief:

---

[1] Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, tit.I, sec. 101 (April 24, 1996)(to be codified at 28 U.S.C. §§ 2244(d). Because Minh's petition was filed after the filing date of the recently enacted amendments to 28 U.S.C. § 2254 ("AEDPA"), the new provisions apply. See Lindh v. Murphy, __ U.S. __, 117 S.Ct. 2059, 2068 (1997) (new AEDPA provisions generally apply only to cases filed after the Act became effective); Hatch v. Oklahoma, 92 F.3d 1012, 1014 (10th Cir. 1996).

(1) Plea was not voluntary based on fact that Petitioner is from Vietnam, speaks little English and had no interpreter for the criminal proceedings. Petitioner signed a document waiving an interpreter on advice of counsel but did not know what he was waiving; as a result he could not knowingly and intelligently agree to the Plea and Disposition Agreement. See Ex. B.

(2) Petitioner is innocent of the charges in Indictment CR 95-03754.[2] He alleges that the police incident report indicates that Petitioner's brother, whose social security number is only one number apart, and whose name is almost identical with Petitioner's (brother's name is "Trung Minh Pham"), actually committed the crime;

(3) Ineffective assistance of counsel in failing to request an interpreter;

(4) No proportionality in sentencing where Petitioner was sentenced to the maximum exposure of 7 1/2 years although no violence was associated with any of the crimes.

4. The hearing was held to determine whether the statute should be tolled to Minh's case. For the reasons given below, I find that Minh has not presented evidence sufficient to demonstrate either that he was not able to understand the plea he entered into or that he was innocent of one of the criminal charges for which he was convicted.

5. Minh alleges not only that he requested an interpreter for his sentencing hearing but that he did not understand that he signed a form which waived his right to one. The alleged linguistic barrier could possibly have prevented him from either understanding the consequences of his plea or that he was waiving his right to a means of understanding the plea (such as an interpreter) -- clearly one of those circumstances over which a defendant has no control. See Calderon v. United States District Court, 128 F.3d 1283, 1287-88 (9th Cir. 1997), cert. denied, 118 S.Ct. 899 (1998).

6. Further, Minh alleges that his brother, and not he, committed one of the convictions.

---

[2] Minh's plea of *nolo contendere* includes Counts from five Indictments: CR 94-03145; CR 95-02944;CR 95-02999; CR 95-03754; CR 96-0018. Ex. A.

Actual innocence is also a clear justification for suspending the limitations period. See Schlup v. Delo, 513 U.S. 298, 324-29 (1995). Petitioner claims he is innocent of one of the crimes he was charged with because the police report shows that his brother, not him, was arrested on the December 10, 1995 for auto burglary.[3]

### *Findings Regarding the Plea*

7. Petitioner can read, write and understand the English language.

8. Counsel for Petitioner discussed the plea and disposition agreement with him in English before his plea of guilty was entered in the state proceedings.

9. In preparing for the underlying case, Petitioner was able to and did communicate in English with trial counsel, Liane Kerr, who had represented Petitioner in at least 16 other indictments. Ms. Kerr's secretary Sarah, who speaks Vietnamese, was used as an interpreter rarely, e.g., when one of the witnesses used slang terminology and Ms. Kerr asked Sarah to explain it to Minh. Tr. at 57.[4]

10. Petitioner sent correspondence to his counsel in English on several occasions. See Tr. at 59-60.

11. Counsel for Petitioner's two co-defendants requested that Petitioner interpret for them from English into Vietnamese and Vietnamese in to English. Tr. at 62.

12. Hon. W.C. Smith presided over Petitioner's case in state court. Petitioner appeared

---

[3] Although CR 94-03754 in the Judgment, Sentence and Commitment refers to larceny committed "on or about December 10, 1995," Petitioner contends that he did not commit the auto burglary, which provided the basis for conspiracy and larceny charges. See Judgment, Sentence and Commitment, Ex. A; Plea & Disp. Agreement, Ex. B of Ans. Minh's brother was arrested on December 10th, also for auto burglary (with charges of larceny and conspiracy).

[4] "Tr." refers to the record of the proceedings held on October 15, 1998.

before Judge Smith several times. Judge Smith observed the Petitioner speaking English and communicated with both Minh and his counsel in English at the plea hearing. Tr. at 47; see also Tr. of Plea Proceedings, Mar. 1, 1996 at 10-11 (Hrg.Ex. C).[5]

13. The Petitioner never asserted or signified that he could not understand English until the motion to reconsider sentence was heard. Tr. at 46, 58, 60-61. After he requested an interpreter, Ms. Kerr obtained a Vietnamese interpreter who was present for that motions hearing and translated those proceedings for Petitioner.

14. Petitioner's contention that he had made several requests for an interpreter through Ms. Kerr's secretary prior to his motion to reconsider sentence is not credible, in light of surrounding testimony and evidence.

15. Minh's contention that he did not understand what he was pleading guilty to or the related proceedings is not credible.

### *Findings Regarding Innocence of Crime*

16. Petitioner was not arrested on December 10, 1995. Tr. at 16. On December 10, Minh's brother, whose name and social security number is similar to Petitioner's, was arrested for auto burglary. Hrg. Ex.A.

17. Minh was arrested for a separate auto burglary on December 20th. Hrg. Ex. B. Petitioner admitted to committing an auto burglary in December 1995. Tr. at 37; see Tr. at 65-66.

18. The date of offense for CR 95-03754 appears as "on or about December 10, 1995," instead of December 20, 1995. Judgment, Commitment & Sent., Ans., Ex. A.

---

[5] Exs. A, B and C were admitted at the hearing.

4

19. Petitioner did not claim actual innocence of one of the charges until after sentencing. Tr. at 70.

### *Conclusions of Law*

20. Petitioner's plea of guilty to the indictment was valid and voluntary in that he was not precluded from understanding its terms and consequences because of an inability to understand English.

21. An inaccuracy in the date of offense for a criminal charge does not render it sufficient to suggest, much less establish, actual innocence for the crime. Minh cannot adequately show actual innocence of CR 95-3754 such that the statute of limitations should be equitably tolled for his habeas petition.

*Limitations Period under AEDPA*

22. In addition to a one-year statute of limitations now imposed by AEDPA, the new provisions also provide for tolling of the one-year period while post-conviction or collateral review is pending. 28 U.S.C. § 2244(d)(2). Minh was sentenced on August 25, 1996; thus his judgment became final on September 26, 1997, upon expiration of the time for filing a direct appeal. See N.M.S.A. 1978 § 39-3-2. He filed a motion to reconsider on June 29, 1996, which was denied on July 31, 1996, tolling the limitations period for thirty-three (33) days. Ans., Exs. C, D. His state habeas petition was filed on February 6, 1997 and denied on the 13th, tolling the period another seven (7) days. Exs. E, F. Petitioner applied for a writ of certiorari on March 18, 1997, which was denied on March 27, 1997, tolling an additional nine (9) days, for a total of 49 days. Exs. G, H. The limitations period therefore expired November 15, 1997, rendering his habeas petition, which was filed in federal court on March 18, 1998, well beyond the limitations

period.

23. Because the petition should be dismissed for lack of jurisdiction, I need not address the merits of the claims. However, even assuming jurisdiction, Minh's claims would not succeed, based on evidence presented at the hearing. His claim of an involuntary plea fails because the evidence shows he had the capacity to understand English and thus that he did understand the charges brought as well as terms and consequences of his plea. Minh's claim of actual innocence is based on a mere date miscalculation. Even the allegation that his sentence was not proportionate (liberally construing this as a due process claim) fails, where Petitioner was sentenced to the maximum exposure as indicated on the plea and disposition agreement. Ans., Ex. B.

**Recommendation**

I recommend that Respondents' Motion to Dismiss **[8-1]** be GRANTED, that Petitioner's habeas petition be DENIED and that this entire cause be DISMISSED WITH PREJUDICE.

_____
UNITED STATES MAGISTRATE JUDGE